EXHIBIT 1

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release (this "Agreement") is entered into this __3__ day of July 2003, between the Werner K. Stiefel Trust, MARIE STIEFEL and WERNER STIEFEL, acting for themselves and their respective heirs, assigns, successors in interest, representatives and agents (collectively referred to herein as the "STIEFELS") and CHARLES W. STIEFEL ("CWS"), D'ANCONIA CORPORATION and STIEFEL LABORATORIES, INC. This Agreement shall at all times include STIEFEL LABORATORIES, INC. and its related domestic and foreign business entities, corporations, limited liability companies, partnerships and subsidiaries (whether or not directly owned by STIEFEL LABORATORIES, INC.), as well as their respective current and former directors, officers, shareholders, partners, employees, together with their respective heirs, assigns and successors in interest, representatives, agents, and insurers, both in their representative and individual capacities of all persons and entities so described (all of which are collectively referred to herein as "SLI"). All references to "SLI" expressly include all of the aforementioned individuals and business entities, including any successor corporations or business entities.

WHEREAS, the STIEFELS wish to have SLI purchase some or all of SLI stock held by them as Werner K. Stiefel and Marie C. Stiefel, Trustees, under the First Restatement of the Werner K. Stiefel Trust Agreement; and

WHEREAS, SLI is not obligated to purchase those shares at this time; and

Page 1 of 19

MS
WS
LS

SLI
CWS
D'ANCONIA

WHEREAS, the STIEFELS and SLI potentially have claims against the other; and

WHEREAS, the STIEFELS and SLI wish to amicably resolve all of their disputes, the Parties intending to be legally bound by this Agreement, hereby stipulate and agree as follows.

NOW, THEREFORE, in consideration of the mutual agreements and covenants contained herein and other good and valuable consideration, receipt of which is hereby acknowledged, it is mutually agreed and covenanted by and between the parties to this agreement as follows:

1. **NO WAGES OR OTHER EMPLOYMENT BENEFITS OWED TO WERNER STIEFEL.**

    The STIEFELS acknowledge and agree that SLI has paid Werner Stiefel any and all wages, bonuses and all other pay and employment benefits owed to him through the date on which he has signed this Agreement.

2. **RESTRICTIONS ON STOCK DURING LIFETIME OF WERNER K. STIEFEL.**

    The Werner K. Stiefel Trust shall not transfer or encumber its shares of SLI to any person, firm or entity without the prior written consent of SLI. Notwithstanding the above, SLI agrees that the trustees of the First Restatement of the Werner K. Stiefel Trust may transfer its shares of SLI to any trust established for the benefit of Werner K. Stiefel so long as the trustee or trustees of said trust are bound by the provisions of this Agreement.

3. **MANDATORY SALE UPON DEATH OF WERNER K. STIEFEL.**

    Upon the death of Werner K. Stiefel, SLI will purchase, and the Werner K. Stiefel Trust will sell, 7,180 shares of SLI stock registered in the name of "Werner K. Stiefel and Marie

Page 2 of 19


MS
WS
LS

SLI
CWS
D'ANCONIA

CONFIDENTIAL

STF-4-000028

C. Stiefel, Trustees, under the First Restatement of the Werner K. Stiefel Trust Agreement" (hereinafter, the "Trust"). The purchase price for those shares is $34,621,960.00 (the "Purchase Price," as adjusted in accordance with the next sentence). That amount will be increased by two percent per annum compounded between the Effective Date of this Agreement and the date of Werner K. Stiefel's death. The aforesaid two percent will be prorated monthly for any portion of the year in which Werner K. Stiefel lives. SLI will pay the Purchase Price as follows. SLI will pay fifty percent of the Purchase Price at the closing, which shall take place at a mutually agreeable time and place not later than six months after the date of Werner Stiefel's death. SLI will pay the balance in twenty quarterly installments of principal plus interest at seven percent per annum on the declining principal balances. At the closing, the Trust shall deliver all of the shares to SLI, along with an executed stock power in favor of SLI. SLI shall have the right to prepay the balance of the Purchase Price at any time without premium or penalty. SLI shall prepay, without premium or penalty, the outstanding balance of the Purchase Price, with accrued interest, within six months following the death of Marie Stiefel.

4. <u>OPTION TO PURCHASE STOCK DURING LIFETIME OF WERNER K. STIEFEL</u>.

The STIEFELS agree that SLI shall have the right to purchase the stock held by the Werner K. Stiefel Trust before his death for the Purchase Price. Should SLI elect to do so, SLI will pay, in addition to the Purchase Price, an amount of cash equal to the federal and state taxes

*[Signatures: MS, WS, LS / SLI, CWS, D'ANCONIA]*

CONFIDENTIAL

STF-4-000029

(the "Gross Up payment") that would have to be paid in connection with that sale. SLI will also pay the taxes that would have to be paid on the Gross Up payment.

5. <u>OPTION TO TERMINATE SLI'S RIGHT TO PURCHASE STOCK.</u>

If, before the death of Werner K. Stiefel, SLI should enter into an agreement to be acquired by another entity, or should make an offer to sell its stock under a prospectus duly registered in accordance with the Securities Registration Act of 1933 as amended, the STIEFELS shall be entitled to avoid their obligation under paragraphs 3 and 4 above whereby SLI has the right to purchase the SLI stock presently held by the Werner K. Stiefel Trust. SLI will provide the STIEFELS with written notice of any such agreement to be acquired or to sell its stock under a prospectus. To avoid the obligation to sell its stock to SLI as described above, the Werner K. Stiefel Trust must pay SLI five million dollars ($5,000,000.00). If the Werner K. Stiefel Trust elects to retain its SLI stock and obtain the benefit of an agreement to be acquired or to go public, it must notify SLI's President in writing of such intention, and must pay the five million dollars ($5,000,000.00) to SLI in cash within 30 days of SLI's notice to them, or the public announcement that said offer has been approved by the U.S. Securities and Exchange Commission or that SLI has entered into an agreement providing for the sale of all or substantially all of its shares or assets, whichever event occurs later. If the Werner K. Stiefel Trust elects to exercise the option to avoid the sale of Werner K. Stiefel's stock to SLI, all of the other provisions of this Agreement nonetheless will continue to be effective and binding on all of

Page 4 of 19



MS
WS
JS
LS

SLI
CWS
D'ANCONIA

the Parties. In the event that the Werner K. Stiefel Trust is not able to pay the entire five million dollars ($5,000,000.00) in cash before the public offering or sale by SLI, then the Werner K. Stiefel Trust shall be permitted to deliver sufficient of the shares in SLI held by the Trust to adequately secure the payment of such five million dollars ($5,000,000.00). The value of those tendered shares shall be determined by the final IPO/Acquisition price. The Werner K. Stiefel Trust must tender those shares to SLI within the time period referred to above when the cash would otherwise be due.

6. **SALE OF SLI STOCK OWNED BY MARIE STIEFEL.**

SLI will purchase, and Marie Stiefel will cause her Trust to sell to SLI, 658 shares of SLI stock which is held by that Trust. SLI will pay four million dollars ($4,000,000.00) for those shares upon her delivery to SLI of the shares and an executed stock power in favor of SLI. The closing for this transaction will be on July 3, 2003. The closings and other payments and transactions referred to in paragraphs 7, 10, 11 and 12 will also take place on July 3, 2003.

7. **SALE OF STOCK IN D'ANCONIA CORPORATION.**

CWS agrees to purchase all of the shares of stock held by Duval Corporation, the STIEFELS and Lili Stiefel in D'Anconia Corporation for an aggregate price of $250,000.00 payable at closing. Duval Corporation, the STIEFELS and Lili Stiefel agree to sell those shares to CWS. CWS shall pay the $250,000.00 upon their delivery of the shares to him, together with one or more stock power(s) covering the shares, executed in favor of CWS. CWS will pay

CONFIDENTIAL

STF-4-000031

,000.00 to Marie Stiefel or Werner Stiefel (at their option), and will pay $200,000.00 to Lili :fel for her shares.

8. **OPTIONAL SALE OF SLI STOCK OWNED BY LILI STIEFEL.**

SLI will purchase up to 45 shares of SLI's stock owned by Lili Stiefel if she tenders ose shares for purchase within one year following the Effective Date of this Agreement. SLI ill pay $6,600.00 in cash per share for those shares within 30 days after Lili Stiefel tenders such hares.

9. **HEALTH INSURANCE FOR WERNER K. STIEFEL.**

In recognition of his many years of loyal service to the Company, SLI will pay for health insurance coverage for Werner K. Stiefel for the duration of his life. Werner currently has health insurance through Medicare, with an AARP Supplemental plan J, including Dental and Eye Care. SLI agrees that it will pay for this plan or for such other coverage as is mutually agreed among the parties.

10. **COBRA COVERAGE FOR MARIE STIEFEL.**

SLI will pay Marie Stiefel a sum equal to the cost of COBRA coverage for the eighteen months subsequent to September 1, 2002. In addition, SLI will pay $10,000.00 to Marie Stiefel toward her purchase of private medical insurance.

Page 6 of 19

CONFIDENTIAL

STF-4-000032

11. TRANSFER OF TITLES TO MOTOR VEHICLES.

SLI will purchase the 1993 Mercedes (VIN WDBEA32E4PB996333) and the 1999 Mercedes (VIN 4JGAB54E6XA132276), and will then transfer the respective titles to whomever the STIEFELS designate.

12. ATCOPS CORPORATION STOCK AND RECORDS.

Werner K. Stiefel and Marie Stiefel will provide SLI with the corporate books of ATCOPS Corporation ("ATCOPS"). A Bill of Sale duly executed by an officer of ATCOPS, in favor of SLI, shall be delivered to SLI. Werner K. Stiefel and Marie Stiefel hereby (i) forever release any claim they may now have or hereafter acquire in any and all SLI shares owned by ATCOPS, in favor of SLI; (ii) consent to the cancellation of the SLI shares issued to ATCOPS; and (iii) agree that neither of them shall in any way assist or make possible the enforcement of any claim by ATCOPS against SLI with respect to such shares.

13. SLI INDEMNIFICATION.

SLI will indemnify, defend and hold harmless Werner K. Stiefel and Marie Stiefel against any and all claims by present or former stockholders of SLI that relate in any way to actions or failure to act by Werner K. Stiefel and Marie Stiefel in their respective capacities as an officer or director or stockholder of SLI.

MS
WS
LS

SLI
CWS
D'ANCONIA

CONFIDENTIAL

STF-4-000033


14. **AVAILABILITY OF SLI PROPERTIES.**

SLI will make its Cayman Islands and Oak Hill properties available to Werner K. Stiefel and his guests, free of charge at reasonable times, so long as SLI owns that property.

15. **GENERAL RELEASE AND WAIVER OF CLAIMS.**

In exchange for the consideration described in this Agreement, the Parties irrevocably, knowingly, and voluntarily release, waive, and forever discharge the other and, as to SLI, each and all of its respective direct and indirect affiliates and each and all of their respective officers, board members, executive committee members, administrators, managers, supervisors, employees, agents, representatives, successors, predecessors, assigns and insurers, all of the foregoing in their individual and representative capacities from and against any and all claims, demands, obligations, debts, liabilities, actions, or causes of action, of any kind whatsoever (all collectively referred to herein as the "disputes"), known or unknown, foreseen or unforeseen, foreseeable or unforeseeable, and any consequences thereof, which the Parties have or may have against each other from the beginning of the world until the effective date of this Agreement.

The disputes released herein include those known or unknown, actual or contingent, in law, in equity, or otherwise, and whether based in tort, contract, statute, or any other basis. This release includes all disputes by which any Party could seek equitable relief, and actual, compensatory, consequential, punitive, special, multiple or other damages, expenses (including attorneys' fees and costs), and all other reimbursements or charges of any kind.

Page 8 of 19


MS
WS
LS


SLI
CWS
D'ANCONIA

CONFIDENTIAL

STF-4-000034

The disputes released herein also include any and all disputes any Party has or may believe to have against the other Party in contract or at common law, including, but not limited to, breach of oral, written and/or implied contract, breach of an implied covenant of good faith and fair dealing, intentional and negligent infliction of emotional distress, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy, defamation, and interference with contract and/or prospective economic advantage. Without limiting the foregoing, the STIEFELS release any and all claims based on Werner Stiefel's employment at SLI, the termination of his employment, and any claims based on any employment agreement between SLI and Werner Stiefel. Without limiting the foregoing, SLI releases any and all claims it may have against the STIEFELS based upon any actions or omissions relating to either's service as an officer or director of SLI and of any of its subsidiary companies.

The reference herein to specific statutory, contract and common law claims is in no way intended to limit the disputes released by any Party hereto. The Parties intend that the disputes released herein be construed as broadly as possible to cover any and all disputes that any Party has, may have or believe to have against the other Party. In that regard, the Parties further acknowledge that a Party may later discover facts in addition to or different from those which that Party now knows or believes to be true with respect to the subject matter of this Agreement. Each Party agrees that: any such difference in the facts shall not affect this Agreement; each Party

Page 9 of 19



MS
WS
LS

SLI
CWS
D'ANCONIA

CONFIDENTIAL

STF-4-000035

individually assumes the risk of any such difference in the facts; and each Party individually agrees that this Agreement shall remain in full force and effect and not be subject to rescission by reason of any such difference in the facts.

In addition, the STIEFELS further acknowledge that the disputes released by them also include any and all disputes they have or may believe to have against SLI or any person or entity thereby described in connection with the letters dated December 25, 1993, December 19, 1994, and December 25, 1995, from Werner Stiefel to Werner Stiefel; each purporting to grant to Werner Stiefel an option "to purchase 2500 Phantom Shares of stock of the U.S. Division of Stiefel Laboratories," which SLI has elected to avoid pursuant to New York Business Corporation Law Section 713(b), without limiting SLI's other rights to decline performance thereof.

Without limiting the foregoing, the STIEFELS further acknowledge that on April 2, 1991, Werner Stiefel sold to Charles W. Stiefel all of the voting preferred shares of D'Anconia Corporation, a Delaware corporation (the "D'Anconia Voting Shares") for one hundred thousand dollars ($100,000.00). The STIEFELS acknowledge that all of the consideration for such sale has been paid by Charles W. Stiefel, that such sale was an arms-length transaction, and that such sale is final, irrevocable, and not subject to rescission for any reason. The STIEFELS hereby acknowledge that they have no rights or claims with respect to the D'Anconia Voting Shares, that they will not seek to overturn or reverse the sale in this paragraph or to have such sale rescinded.

Page 10 of 19



MS
WS
LS

SLI
CWS
D'ANCONIA

CONFIDENTIAL

STF-4-000036

16. **NO DISPUTES PENDING OR ASSIGNED; NO WORKER'S COMPENSATION INJURY OR ILLNESS.**

The Parties represent that they do not currently have pending before any court or before any federal, state or local government agency any dispute of any kind against the other Party. The Parties promise and agree that they will not hereafter pursue, initiate or cause to be instituted any dispute released herein against the other Party. The Parties further represent that they have not heretofore assigned or transferred, or purported to have assigned or transferred, any dispute released by that Party to any entity or person.

The STIEFELS further declare and represent that as of the effective date of this Agreement, Werner Stiefel has not suffered any on-the-job or work-related accident or injury, occupational disease or disability whether temporary, permanent, partial or total.

17. **NO DISPARAGEMENT.**

The Parties agree not to disparage each other. As to SLI, the STIEFELS promise not to disparage SLI, its direct and indirect affiliates, or any of their respective officers, stockholders, board members, employees, agents, representatives, successors, predecessors and assigns.

As to the STIEFELS, SLI agrees to instruct its officers, directors, agents and employees, as well as immediate family members not to disparage the STIEFELS.

CWS will draft, subject to approval by Marie Stiefel, a communication to all shareholders of SLI, informing them of the retirement of Werner Stiefel and thanking him for his years of service to SLI.

Page 11 of 19

MS
WS
LS

SLI
CWS
D'ANCONIA

CONFIDENTIAL

STF-4-000037

18. **NO RE-EMPLOYMENT.**

The STIEFELS agree that Werner Stiefel will not apply for employment or re-employment at SLI.

19. **CONFIDENTIALITY OF THIS AGREEMENT AND ITS TERMS.**

The Parties agree not to disclose the substance of this Agreement to anyone other than their legal counsel, accountants or professional tax advisors. SLI may disclose this Agreement to those persons at SLI who have a need to know of this Agreement. Any Party may also disclose this Agreement to governmental organizations if required by law or agency or court order. In the event that any Party brings an action to enforce this Agreement, such action does not violate the Confidentiality provision of this Agreement.

20. **CONFIDENTIALITY OF SLI'S PROPERTY AND DOCUMENTS.**

The STIEFELS agree that any and all documents (and all copies and computer-stored versions) containing "confidential business information" of SLI or of any of its direct or indirect affiliates are the sole and exclusive property of SLI and, if in their possession, custody or control, must be returned before they are entitled to receive any of the consideration specified above. The STIEFELS understand that "confidential business information" includes, but is not limited to, the following: agreements or purported agreements of any kind, financial records, customer and vendor names, information and documents and other information and/or records pertaining to customers and vendors, business plans, research and development information, operating methods

CONFIDENTIAL

STF-4-000038

and procedures, compensation, bonus and incentive plans, and personnel records. The STIEFELS further agree that they will not disclose to anyone or otherwise utilize any "confidential business information" of SLI or any of its direct or indirect affiliates, whether or not the "confidential business information" is contained in a document.

The STIEFELS further agree that, except as provided for in this Agreement, they are not entitled to keep any tangible property that belongs to SLI or any of its direct or indirect affiliates, including, but not limited to, documents, keys and computer equipment. The STIEFELS represent that they have returned all such property, that they have not removed any information from any computer system they used in connection with Werner Stiefel's work, and that they will assist SLI and its direct and indirect affiliates in all reasonable ways to retrieve any information stored on any computer system used in connection with Werner Stiefel's work.

21. **THE STIEFELS' WARRANTIES AND REPRESENTATIONS.**

The STIEFELS and all of their respective agents warrant that they will not challenge the terms of this Agreement or any documents executed to effectuate this Agreement based on any challenge to the alleged mental competence of Werner Stiefel or to the Durable Power of Attorney he executed in favor of Marie Stiefel, or based on any other challenge.

The STIEFELS represent and warrant that neither of them nor ATCOPS has, directly or indirectly, in his, her or its own or any other capacity, sold, pledged, allowed a lien upon, hypothecated, granted an option to purchase, or otherwise transferred or encumbered any of the

Page 13 of 19

CONFIDENTIAL

STF-4-000039

assets of ATCOPS, including without limitation, any of the four hundred seventy-nine (479) Class A shares of Stiefel Laboratories, Inc. registered to ATCOPS, Ltd.

The STIEFELS represent and warrant that each of them forever releases any claims he or she might now have or later obtain with respect to ATCOPS' assets.

22. **MARIE STIEFEL'S WARRANTIES AND REPRESENTATIONS.**

Marie Stiefel represents that she holds a valid Durable Power of Attorney, properly executed by Werner Stiefel and that the Power of Attorney was prepared by legal counsel, who also witnessed the execution of the Power of Attorney.

Marie Stiefel represents that, pursuant to the terms of the Werner K. Stiefel Trust, she has the authority to execute all documents required under the terms of this Agreement.

23. **LILI STIEFEL'S WARRANTIES AND REPRESENTATIONS**

LILI STIEFEL and all of her respective agents warrant that they will not challenge the terms of this Agreement or any documents executed to effectuate this Agreement based on any challenge to the alleged mental competence of Werner Stiefel or to the Durable Power of Attorney he executed in favor of Marie Stiefel, or based on any other challenge.

24. **SLI'S WARRANTIES AND REPRESENTATIONS.**

SLI represents that it has taken all steps required to authorize this Agreement and to complete it in accordance with its terms, and that it has the corporate authority to execute and to implement this Agreement in accordance with its terms. SLI, CWS, D'Anconia and all of their

Page 14 of 19

CONFIDENTIAL

STF-4-000040

respective agents, warrant that they will not challenge the terms of this Agreement or any document executed to effectuate this Agreement, based on any challenge to the alleged mental competence of Werner Stiefel or to the Durable Power of Attorney he executed in favor of Marie Stiefel, or based on any other challenge.

SLI further represents and warrants that it has not reported any allegedly improper conduct by the STIEFELS to any person or organization, governmental or private, and that it will not disclose any information it has obtained as the result of any forensic investigation it has purportedly conducted into the conduct of the STIEFELS during the time that Werner Stiefel served as President and CEO of SLI, except as may be required by legal process or other mandatory disclosure obligations.

25. ONGOING COOPERATION BY THE STIEFELS.

The STIEFELS agree that they shall voluntarily assist SLI at such reasonable times and in such reasonable manner as SLI may request with respect to any matters involving Werner Stiefel's employment at SLI or regarding business or legal issues that henceforth may arise.

26. DISPUTES; DAMAGES.

In the event of a dispute as to the interpretation, application or violation of this Agreement, it is understood and agreed that such dispute shall be resolved before a court of competent jurisdiction in Miami-Dade County, Florida. The Parties agree that any such dispute shall be resolved by a Judge, not by a jury. Neither Party shall be entitled to an award of

Page 15 of 19



MS
WS
LS

SLI
CWS
D'ANCONIA

CONFIDENTIAL

STF-4-000041

consequential damages (i.e., pain and suffering and emotional distress), exemplary, or punitive damages in any dispute that might arise under this Agreement. No damages other than actual damages can be awarded. In the event of any litigation arising out of the terms of this Agreement, the prevailing party shall be entitled to an award of attorney's fees, including fees on appeal.

27. CONSTRUCTION OF THIS AGREEMENT.

Because the Parties have had an opportunity to receive advice from counsel of their choosing in connection with this Agreement, the Parties agree that common law or statutory principles of construing ambiguities against the drafter shall have no application here. This Agreement shall be construed fairly and not in favor of one Party or another as the drafter. This Agreement shall be governed by and construed in accordance with the laws of the State of Florida.

28. ADVICE OF COUNSEL.

All Parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing. The STIEFELS have been represented in this matter by Joseph Matthews, Esquire. SLI has been represented by Michael W. Casey, III, Esquire.

29. SEVERABILITY.

The Parties agree that should a court of competent jurisdiction declare any part of this Agreement to be invalid, the remainder of this Agreement shall remain valid and in effect, with

Page 16 of 19

CONFIDENTIAL

STF-4-000042

the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

30. **REASONABLE TIME TO CONSIDER THIS AGREEMENT.**

The Parties hereby represent that they each have had the right to consider this Agreement and its terms for a reasonable period of time before signing it.

31. **EFFECTIVE DATE.**

The effective date of this Agreement is July 3, 2003.

32. **ENTIRE AGREEMENT.**

All Parties represent and agree that they are not relying on any representations, promises, statements or agreements not contained in this Agreement. All Parties represent and agree that this is an all-inclusive Agreement and that no other written, oral and/or implied representations, promises or agreements exist between them regarding the subject matter set forth in this Agreement. All Parties represent and agree that this Agreement is a single, integrated contract expressing the entire agreement of the Parties regarding the subject matter of this Agreement. This Agreement cannot be modified, amended, terminated or otherwise changed unless it is done so pursuant to a written document signed by all parties hereto. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Page 17 of 19



MS
WS
GF
LS

SLJ
CWS
D'ANCONIA

CONFIDENTIAL

STF-4-000043

EACH PARTY HAS HAD A FULL AND COMPLETE OPPORTUNITY TO REVIEW THIS AGREEMENT. EACH PARTY HAS CAREFULLY REVIEWED THIS AGREEMENT, UNDERSTANDS ALL OF ITS PROVISIONS AND FREELY AND VOLUNTARILY ENTERS INTO THIS AGREEMENT.

THIS IS A LEGAL DOCUMENT — READ CAREFULLY BEFORE SIGNING.

*[signature]*
MARIE STIEFEL, individually and as Attorney-in-fact for Werner K. Stiefel

Date: July 3, 2003

*[signature]*
Witness

*[signature]*
Witness

WERNER K. STIEFEL AND MARIE C. STIEFEL, TRUSTEES, UNDER THE FIRST RESTATEMENT OF THE WERNER K. STIEFEL TRUST AGREEMENT

*[signature]*
WERNER K. STIEFEL, Trustee

Date: July 3, 2003

*[signature]*
Witness

*[signature]*
Witness

*[signature]*
WERNER K. STIEFEL

Date: July 3, 2003

*[signature]*
Witness

*[signature]*
Witness

*[signature]*
MARIE C. STIEFEL, Trustee

Date: July 3, 2003

*[signature]*
Witness

*[signature]*
Witness

CONFIDENTIAL

STF-4-000044

_____  
LILI STIEFEL

Date: _____

_____  
Witness

_____  
Witness

STIEFEL LABORATORIES, INC.

By: _____  
Charles W. Stiefel  
President, Chief Executive Officer  
And Chairman

Date: _July 3, 2003_

_____  
Witness

_____  
Witness

CHARLES W. STIEFEL, Individually

By: _____

Date: _July 3, 2003_

_____  
Witness

_____  
Witness

D'ANCONIA CORPORATION

By: _____

Date: _July 3, 2003_

_____  
Witness

_____  
Witness

CONFIDENTIAL

STF-4-000045